United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41265
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CAMERINO PARDO-RODRIGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-185-ALL
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Camerino Pardo-Rodriguez appeals the sentence imposed following his guilty plea to possession with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Pardo contends that the district court erred in finding that he was not entitled to a minimal or minor role adjustment in his offense level pursuant to United States Sentencing Guidelines (U.S.S.G.) § 3B1.2, and that the statute of conviction, 18 U.S.C. §§ 841(a) and (b), is unconstitutional under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Apprendi v. New Jersey, 530 U.S. 466 (2000). He concedes that this last argument is foreclosed by this court's precedent, but he raises the issue to preserve it for possible Supreme Court review.

Pardo has not shown that the district court clearly erred in finding that he was not entitled to a mitigating-role reduction because he was a courier. See United States v. Zuniga, 18 F.3d 1254, 1261 (5th Cir. 1994); United States v. Buenrostro, 868 F.2d 135, 137-38 (5th Cir. 1989). In light of the large amount of cocaine transported by Pardo, the record supports the district court's determination that he was neither a minimal nor minor participant in the crime. See Buenrostro, 868 F.2d at 137-38.

Apprendi did not render 21 U.S.C. §§ 841(a) and (b) unconstitutional. United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000). Pardo's arguments regarding this issue are foreclosed by this court's precedent.

AFFIRMED.